Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
Helen Mosothoane (SBN 254511)
hmosothoane@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Ste. 3600
Los Angeles, CA 90071-3476
Telephone:  (213) 680-2800
Facsimile:  (213) 614-7399

Attorneys for *Defendant* **PNC BANK, N.A.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LEE DAVIS and COREY DELL DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN,<br><br>Defendants. | Case No.: 2:22-cv-05819-SPG-AS<br><br>**DEFENDANT PNC BANK, N.A.'S REPLY TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing:**<br>Date: July 2, 2025<br>Time: 1:30 p.m.<br>Crtm: 5C |

*Defendant* PNC Bank, N.A. ("PNC") respectfully submits this reply to the Supplemental Brief [Doc. 124] (the "Brief") filed by *Plaintiffs* Jessica Lee Davis and Corey Dell Davis (the "Plaintiffs"). This reply is supported by the points and authorities cited herein and the record currently before the Court.[1]

///

///

///

---

[1] Unless otherwise defined herein, all capitalized terms have the meaning ascribed to them in PNC's Motion for Summary Judgment [Doc. 99] (the "MSJ").

CASE NO. 2:22-cv-05819-SPG-AS

**DEFENDANT'S REPLY TO PLAINTIFFS' SUPPLEMENTAL BRIEF**

I.  **PNC'S REPORTING WAS NOT MISLEADING**

Plaintiffs begin their Brief by arguing a reasonable jury could conclude that PNC's credit reporting was misleading because: (1) "the undisputed evidence demonstrates [they] received several communications from PNC that communicated [the PNC Loan] was satisfied[;]" (2) "PNC's reporting omitted crucial context concerning its derogatory credit reporting about Plaintiffs[;]" and (3) PNC's reporting "omitted information about [their] dispute." (Brief, pp. 3-6). Interestingly, the first "communication" Plaintiffs claim to have "received" from PNC was not even known to them until *after* they filed this lawsuit (and well after they submitted their disputes). Indeed, Plaintiffs reference a November 23, 2021 call between PNC and Gravity Lending during which PNC purportedly described the PNC Loan as "closed." The record reflects that Plaintiffs learned of this purported call through an email they received from Gravity Lending on **November 1, 2022**. (JAE, **Ex. 3.11**, pp. 110-111) (email through which Mrs. Davis learned of the call). It defies logic to conclude that this "communication" had any bearing on Plaintiffs' repayment obligations or the accuracy of the challenged credit reporting.

The Brief also references a December 2021 GAP refund check and alleged conversations between PNC and Plaintiffs in "early 2022,"[2] all of which purportedly excused Plaintiffs' performance on the PNC Loan and therefore rendered PNC's reporting "misleading." Plaintiffs conveniently ignore the fact that, even after these purported "communications," PNC consistently and repeatedly communicated to them that they remained obligated on the PNC Loan. (*See* JAF, ¶¶ 28, 31).[3] PNC's

---

[2] Plaintiffs claim PNC "confirmed directly" during these "early 2022" communications that there was no outstanding balance due on the PNC Loan. The evidence to which they cite does not support this assertion. (*See* JAE, **Ex. 4.0**, ¶¶ 10-12). And the evidence is otherwise comprised of vague, conclusory averments that are insufficient to create a triable issue of fact. *See Guzman v. Allstate Assur. Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (noting facts in a declaration "must be particularized, not vague or conclusory"); *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-servicing affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

[3] While Plaintiffs responded to ¶¶ 28 and 31 of the JAF by claiming "PNC has produced no evidence to prove [the subject letters] [were] actually sent [or delivered]," their position ignores the declaration testimony submitted by PNC, to which they did not object. (*See* JAE, **Ex. 1.0**, ¶¶ 13, 15, 18, 20, 22, 24); *see also Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992) (Under the

unchallenged evidence otherwise establishes the reason for the issuance of the GAP refund, which was not Plaintiffs' satisfaction of their obligations. (*See* JAF, ¶¶ 22-27).

Ultimately, Plaintiffs conclude the foregoing communications rendered PNC's reporting "misleading because PNC's conduct excused [their] nonperformance." (Brief, 4:14-16). This conclusion underscores that Plaintiffs' dispute is one of a legal, not a factual nature – *i.e.*, Plaintiffs maintain that PNC's reporting was "misleading" because it did not take into account possible legal defenses to the PNC Loan. Furnishers such as PNC are not expected to function like tribunals. *See Roberts v. Carter-Young*, 131 F.4th 241, 251 (4th Cir. 2025). "They have neither the resources nor the expertise to conduct the level of investigation that takes place in judicial proceedings or to make the kinds of determinations about disputes that courts make." *Id.*; *see also Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 38 (1st Cir. 2010). Plaintiffs nevertheless seek to impose on PNC an obligation to function as a tribunal. Indeed, they ask this Court to find PNC's reporting to be "materially misleading" because it failed to evaluate the legal ramifications of the circumstances surrounding their nonpayment of the PNC Loan. At the same time, even with the benefit of years' long litigation and related discovery, they fail to cite to any evidence supporting a finding that their obligations were excused under the estoppel and waiver theories they advance in this case.[4] *See United States v. Acad. Mortg. Corp.*, 2020 U.S. Dist. LEXIS 226154, at *9 (N.D. Cal. 2020) (discussing elements of waiver and estoppel defenses, none of which are established in this case). Regardless, the FCRA simply does not require PNC to adjudicate Plaintiffs' legal contentions in the course of a credit reporting investigation. *See e.g., Mehta v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 223523, at *6-7 (C.D. Cal. 2017).

---

common law mailbox rule, "proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee."); *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 964 (9th Cir. 2001) ("We have held a sworn statement is credible evidence of mailing for purposes of the mailbox rule.").

[4] Plaintiffs notably did not assert these defenses in response to PNC's counterclaims.

As noted above, Plaintiffs also argue that "PNC's reporting omitted crucial context concerning its derogatory credit reporting about Plaintiffs [and their dispute]." (Brief, 4:16-17, pp. 6-7). They elaborate that "PNC's accounting practices and its communications to them are, at bare minimum, riddled with inconsistencies, unexplained information, and confusing, contradictory data." (*Id.* at 4:18-20). Plaintiffs' disputes, however, were not based on PNC's "inconsistent, unexplained information, and confusing, contradictory data." On the contrary, every single one of Plaintiffs' disputes was based on their matter-of-fact contention that PNC's reporting was inaccurate because they allegedly paid the PNC Loan in full – a position this Court has already rejected.[5] In any event, the Ninth Circuit has recognized that "[a] furnisher does not report 'incomplete or inaccurate' information…simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009). While Plaintiffs deflect blame for their failure to tender the remaining balance due on the PNC Loan, they have not advanced any viable legal or factual basis for finding that their remaining obligations under the PNC Loan were excused – *i.e.*, PNC's alleged communications regarding the PNC Loan and the possibility that Gravity Lending was provided an incorrect payoff amount did not absolve Plaintiffs of their obligations.[6] *See Rhea v. Smith*, 462 S.W.2d 78, 81 (Tex. Civ. App. 1970) (mistake in payoff quote does not discharge debt); *Acad. Mortg. Corp.*, 2020 U.S. Dist. LEXIS 226154, at *9 (waiver and estoppel defenses).

Plainly stated, under the circumstances of this case, no reasonable fact-finder could conclude that PNC's reporting was materially misleading as it accurately reported that Plaintiffs remained obligated on the PNC Loan and there is no evidence

---

[5] (*See* JAF, ¶¶ 33, 38, 43, 48, 53, 58, 63).

[6] Plaintiffs continue to maintain they have cited evidence reflecting that BBVA provided Gravity Lending with a payoff quote. Their evidence is comprised of a declaration from Melissa Jones, a Gravity Lending employee, who does not unequivocally testify to this fact. (*See* JAE, **Ex. 6.0**, ¶ 7). Ms. Jones' testimony is ultimately based on Gravity Lending's business records, (*see id.* at ¶ 2), but Gravity Lending notably had no business record reflecting that it received a payoff quote from BBVA, (*see* JAE, **Ex. 3.0**, ¶ 10). The testimony is therefore wholly unreliable.

in the record to support their theory that PNC's conduct discharged their obligations. *See e.g., Cebrynksi v. Experian Info. Sols. Inc.*, 2024 U.S. Dist. LEXIS 38923, at *7 (D. Ariz. 2024) ("Information is only materially misleading when it is open to an interpretation that is directly contradictory to the true information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010) (plaintiff failed to establish credit report was inaccurate where she admitted the data was correct but argued the report was misleading because it did not explain that she "was not legally obligated" to pay a particular bill); *Braun v. Trans Union LLC*, 2019 U.S. Dist. LEXIS 240171, at *7 (C.D. Cal. 2019) ("Plaintiff's payment was unquestionably late; she merely disputes that the lateness was not her fault. This is not sufficient to plead a 'materially misleading' statement on her credit report."); *Spira v. TransUnion, LLC*, 2024 U.S. Dist. LEXIS 88798, at *11-12 (S.D. N.Y. 2024) (finding reporting that did not "accurately reflect [the plaintiff's] willingness and ability to pay" to be insufficient to establish materially misleading reporting). The fact that PNC's reporting was not materially misleading (or inaccurate) is fatal to Plaintiffs' FCRA claim.[7]

## II.    PLAINTIFFS' REMAINING ARGUMENTS ARE UNAVAILING

Plaintiffs next argue there are genuine issues of fact as to whether PNC conducted a reasonable investigation. They elaborate that the record demonstrates PNC conducted the type of "data conformity" review that has been held to be unreasonable. Their argument ignores the principle that the reasonableness of an investigation turns on what the furnisher learned about the nature of the dispute from the notice of dispute received from a CRA. *See Gorman*, 584 F.3d at 1157. From Plaintiffs' disputes, PNC learned that Plaintiffs erroneously believed they satisfied their obligations under the PNC Loan. To this day, Plaintiffs are unable to cite to any piece of evidence or information that PNC could have reviewed that would have

---

[7] Plaintiffs continue to maintain that PNC should have reported an "XC" compliance code, though they concede the code is appropriate only where a furnisher responds to a ***direct dispute***. Nowhere in their complaints do Plaintiffs allege facts to support a theory that PNC's reporting was inaccurate due to its handling of a ***direct dispute***. Regardless, as noted above, PNC was not obligated to report a meritless dispute.

changed its determination that Plaintiffs remained obligated on the PNC Loan. They instead merely speculate that the outcome of PNC's investigation "may have been different" had it taken additional steps to "uncover the inaccuracy" (there was no such inaccuracy) in its reporting. This type of speculation is insufficient to defeat summary judgment. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment"); *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018) (a plaintiff "must demonstrat[e] that had the furnisher conducted a reasonable investigation, [] the furnisher **would have discovered** that the information it reported was inaccurate or incomplete..."). In short, the record demonstrates that no level of additional investigation on the part of PNC would have necessitated changes to PNC's credit reporting. And PNC was not otherwise required to conduct complex fact-gathering and in-depth legal analysis. *See Roberts*, 131 F.4th at 251.

The Brief concludes with an argument that there are genuine issues of fact regarding the willfulness of PNC's conduct. This argument is tied to Plaintiffs' contention that PNC's reporting was misleading. PNC's reporting was not, in fact, misleading, as previously discussed. Plaintiffs have not otherwise cited any evidence within the record to support a finding that PNC's conduct amounted to a knowing or reckless violation of the FCRA. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57–59 (2007). Lastly, Plaintiffs should be deemed to have conceded that PNC is entitled to summary judgment on Mr. Davis's Rosenthal Act claim as they do not address the claim in their Brief.

### III. CONCLUSION

For the foregoing reasons, as well as those set forth in PNC's other briefs, PNC is entitled to summary judgment.

Dated: June 20, 2025

**HINSHAW & CULBERTSON LLP**

*/s/ Brian A. Paino*
BRIAN A. PAINO
Attorneys for *Defendant* **PNC BANK, N.A.**

# PROOF OF SERVICE

***Jessica Lee Davis v. Trans Union, LLC, et al.***
**USDC, Central District Case No. 2:22-cv-05819-SPG-AS**
**(Consolidated with Case No. 2:23-cv-00334-SPG-AS)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476. Email: crico@hinshawlaw.com

On **June 20, 2025**, I served the document(s) entitled: **DEFENDANT PNC BANK, N.A.'S REPLY TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL)**: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **June 20, 2025**, at Anaheim, California.

_____
Carolina Rico

# SERVICE LIST

*Jessica Lee Davis v. Trans Union, LLC, et al.*
**USDC, Central District Case No. 2:22-cv-05819-SPG-AS**
**(Consolidated with Case No. 2:23-cv-00334-SPG-AS)**

| | |
|---|---|
| Youssef Hammoud, Esq.<br>HAMMOUD LAW, P.C.<br>3744 E. Chapman Avenue, #F12269<br>Orange, CA 92859<br>Tel.: (949) 301-9692<br>Fax: (949) 301-9693<br>Email: yh@lawhammoud.com<br>         jristvedt@cjl.law<br>         abedolla@cjl.law<br><br>Nataly Clark – Paralegal<br>         nclark@consumerattorneys.com | Attorneys for *Plaintiffs* **JESSICA LEE DAVIS and COREY DELL DAVIS** |
| James P. Ristvedt, Esq. *(Admitted PHV)*<br>CONSUMER ATTORNEYS<br>8245 N. 85th Way<br>Scottsdale, AZ 85258<br>Tel.: (480) 626-1956<br>Fax: (718) 715-1750<br>Email: jristvedt@consumerattorneys.com | Attorneys for *Plaintiffs* **JESSICA LEE DAVIS and COREY DELL DAVIS** |
| Donald E. Bradley, Esq.<br>MUSICK, PEELER & GARRETT LLP<br>650 Town Center Drive, Suite 1200<br>Costa Mesa, CA 92626-1925<br>Tel.: (714) 668-2400<br>Fax: (714) 668-2490<br>Email: d.bradley@musickpeeler.com | Attorneys for *Defendant* **TRANS UNION, LLC** |
| Kristin L. Marker, Esq.<br>Kyle Pietrzak, Esq.<br>Paul W. Sheldon, Esq.<br>QUILLING SELANDER LOWNDS WINSELTT AND MOSER PC<br>6900 North Dallas Parkway, Suite 800<br>Plano, TX 75024<br>Tel.: (214) 560-5442<br>Fax: (214) 871-2111<br>Email: kmarker@qslwm.com<br>         kpietrzak@qslwm.com<br>         psheldon@qslwm.com | Attorneys for *Defendant* **TRANS UNION, LLC** |

| | | |
|---|---|---|
| 1 | Thomas P. Quinn, Jr., Esq.<br>NOKES AND QUINN APC<br>410 Broadway, Suite 200<br>Laguna Beach, CA 92651<br>Tel.: (949) 376-3500<br>Fax: (949) 376-3070<br>Email: tquinn@nokesquinn.com | Attorneys for *Defendant* **EQUIFAX INFORMATION SERVICES, LLC** |
| 5 | Christopher M. Johnson, Esq.<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA 92121-3134<br>Tel.: (858) 314-3134<br>Fax: (844) 345-3178<br>Email: cjohnson@jonesday.com | Attorneys for *Defendant* **EXPERIAN INFORMATION SOLUTIONS** |
| 10 | Cheryl O'Connor, Esq.<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612-4408<br>Tel.: (949) 851-3939<br>Fax: (949) 553-7539<br>Email: coconnor@jonesday.com | Attorneys for *Defendant* **EXPERIAN INFORMATION SOLUTIONS** |